# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| MITCH COE, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | File No. _____ |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CROTHALL HEALTHCARE, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Mitch Coe ("Plaintiff" or "Mr. Coe") files this Complaint for Equitable Relief and Damages against Defendant Crothall Healthcare, Inc. ("Crothall" or "Defendant") showing the Court the following:

### INTRODUCTION

1.     This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices based on disability, to vindicate Mr. Coe's rights, and to make him whole.  This is also an action for both willful interference and willful retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*  Mr. Coe seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement to a full-

time position with commensurate benefits, compensatory damages, punitive damages, liquidated damages and attorney's fees and costs of litigation.

2.     Mr. Coe brings this action because: (1) pursuant to the ADA, Mr. Coe had an actual impairment, a record of actual impairment, or Crothall regarded him having an impairment for which Crothall terminated his employment; (2) he requested a reasonable accommodation under the ADA and rather than provide the accommodation, or otherwise engage in the interactive process, Crothall terminated Mr. Coe's employment; (3) Mr. Coe notified Crothall of his FMLA-qualifying serious health condition, but Crothall willingly failed to notify him of his rights to and willfully failed to grant him FMLA-protected leave; and (4) Crothall terminated Mr. Coe's employment in retaliation for his attempts to exercise his right to FMLA-protected leave and a reasonable accommodation pursuant to the ADA.

## Jurisdiction and Venue

3.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4.     Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant Crothall conducts business in this district and division and the

unlawful actions and practices alleged herein were committed within the Northern

District of Alabama.

## Exhaustion of Administrative Remedies

5.     On December 12, 2018, Mr. Coe filed a charge of discrimination –

Charge No. 420-2019-00811 – with the Equal Employment Opportunity

Commission within 180 days of the occurrence of the acts of which he complains.

Mr. Coe's Charge of Discrimination is attached hereto as Exhibit 1.

6.     The EEOC issued a Notice of Right to Sue to Mr. Coe on February

12, 2020.  Mr. Coe's Right to Sue is attached hereto as Exhibit 2.

7.     Mr. Coe brings this suit within ninety (90) days of the receipt of his

Notice of Right to Sue and, thus, exhausts his administrative remedies.

## The Parties

8.     Mr. Coe is a citizen of the United States and a resident of the State of

Alabama.

9.     Mr. Coe is and, at all times relevant hereto, was an individual with a

disability as that term is defined by 42 U.S.C. § 12102(1).

10.     Mr. Coe is a person with a disability because he has actual mental

impairments causing substantial limitations in one or more major life activities,

because he has a record of impairment, and because Crothall regarded him as having an impairment.

11.     Mr. Coe is capable of performing the essential functions of his job as an Operations Manager with or without an accommodation.

12.     Defendant Crothall Healthcare, Inc. is a corporation organized in Alabama with a place of business in Birmingham, Alabama, and has employed more than fifty (50) persons for each working day in each of the 20 calendar weeks in the current or preceding calendar year.

13.     Crothall is responsible for the policies, procedures, and practices implemented through its various agents, departments, and employees, and for injury occasioned thereby and was the employer of Plaintiff.

14.     Crothall does substantial business, and maintains personnel records, in Birmingham, Alabama.

15.     Crothall is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than fifteen (15) persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

16.    Crothall may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedures by service on its Registered Agent, Corporation Service Company Inc., 641 South Lawrence Street, Montgomery, Alabama 36104.

## Statement of Facts

17.    Crothall hired Mr. Coe as an Operations Manager at Grandview Medical Center for the environmental services ("EVS") in approximately November 2015.

18.    Mr. Coe was diagnosed with mental health impairments that substantially limit major life activities and functions, including but not limited to sleeping, interacting with others, regulating your emotions and thoughts, and the functions of his neurological system.

19.    Mr. Coe sought and received continuing medical treatment from a health care provider for his mental health impairments.

20.    Mr. Coe's mental health impairments constitute disabilities as defined by the ADA and serious health conditions as defined by the FMLA.

21.    Crothall was aware of Mr. Coe's disabilities/serious health conditions.

22.    In approximately February 2018, Crothall hired a new Unit Director, Danny Roberts ("Mr. Roberts").

23.     Mr. Coe reported to both the new Unit Director, Mr. Roberts, and the Assistant Director, Sharon Moore ("Ms. Moore").

24.     As a result of changes Mr. Roberts made upon his hiring, Mr. Coe's responsibilities and schedule increased significantly, including but not limited to requiring Mr. Coe to work ten hours per day and every other weekend and holiday.

25.     The increased demands of his job exacerbated the symptoms of Mr. Coe's disabilities/serious health condition, including, but not limited to, leaving him unable to sleep on the nights prior to work or to manage his symptoms without medication.

26.     The symptoms of his disabilities/serious medical conditions necessitated that Mr. Coe periodically request an adjusted work schedule or to take off work.

27.     In approximately April 2018, Mr. Coe explained to Director Roberts and Assistant Director Moore that the increased demands upon him exacerbated the symptoms of his anxiety and depression.

28.     Mr. Coe notified Mr. Roberts and Ms. Moore of the severe symptoms he was experiencing, including his inability to sleep.

29.    Mr. Coe notified Mr. Roberts and Ms. Moore that he was seeing a psychiatrist and taking medication to treat his disabilities/serious health condition.

30.    Mr. Coe explained to Mr. Roberts and Ms. Moore that his disabilities/serious medical condition may necessitate that he periodically adjust his scheduled start time or take time off of work.

31.    In response, Mr. Roberts and Ms. Moore told Mr. Coe that calling out of work would still count against him and result in disciplinary actions.

32.    Crothall failed to engage in an interactive process with Mr. Coe about his need for a reasonable accommodation.

33.    Crothall refused to accommodate Mr. Coe's need for periodic adjustments to his schedule or intermittent time off to treat his disabilities.

34.    Crothall failed to give Mr. Coe notice of his rights to FMLA-protected medical leave as required by the FMLA.

35.    Within a few weeks of Mr. Coe's April 2018 meeting with Mr. Roberts and Ms. Moore in which he disclosed his disabilities/serious health conditions and need for periodic adjusted schedules and time off, Mr. Roberts and Ms. Moore began reprimanding Mr. Coe in an effort to justify terminating his employment.

36.     On or about April 24, 2018, Crothall reprimanded Mr. Coe for allegedly giving hourly staff permission to shower in an empty patient room.

37.     However, Mr. Coe did not grant any staff member permission to shower in any empty patient room.

38.     On or about May 23, 2018, Crothall reprimanded Mr. Coe for days on which he requested an adjusted schedule or time off because of his disabilities/serious health condition.

39.     To justify the May 23, 2018 reprimand, Crothall retroactively disciplined Mr. Coe for absences going back to June of 2017.

40.     At the time Mr. Roberts issued the May 23, 2018 reprimand to Mr. Coe, Mr. Coe reminded Mr. Roberts that his absences and requests for adjusted schedules were necessitated by his disabilities/serious health conditions.

41.     Despite this reminder, Crothall again refused to accommodate Mr. Coe's disabilities and failed to provide him notice of his rights to protected medical leave pursuant to the FMLA.

42.     On or about July 26, 2018, Crothall again reprimanded Mr. Coe for days on which he requested an adjusted schedule or time off because of his disabilities/serious health conditions.

43.     On or about August 16, 2018, Crothall again reprimanded Mr. Coe for days on which he requested an adjusted schedule or time off because of his disabilities/serious health conditions.

44.     In approximately September 2018, Mr. Roberts and Ms. Moore called Mr. Coe into a meeting.

45.     During this meeting, Mr. Roberts and Ms. Moore presented Mr. Coe with a final written warning and advised they intended to submit this warning up their chain of reporting with a recommendation that Mr. Coe's employment be terminated, unless Mr. Coe agreed to resign.

46.     Mr. Roberts informed Mr. Coe that as long as he resigned and avoided having a termination on his record, he may be eligible for rehire "once he got his health in order."

47.     Fearing the negative impacts to his future employment prospects as a result of Mr. Roberts's and Ms. Moore's threats of termination, Mr. Coe agreed to resign as instructed.

48.     Mr. Coe's resignation under the threat of termination constitutes a constructive discharge.

49.    Crothall forced Mr. Coe to resign from his employment because of his disability/serious health condition.

50.    Crothall forced Mr. Coe to resign to avoid accommodating his disabilities and/or granting FMLA-protected medical leave for his serious health conditions.

51.    Crothall forced Mr. Coe to resign in retaliation for his requests for accommodations under the ADA.

52.    Crothall forced Mr. Coe to resign in retaliation for his requests for intermittent medical leave under the FMLA.

53.    In discriminating and retaliating against Mr. Coe, Crothall acted willfully, wantonly, and intentionally to harm Mr. Coe and his federally protected rights.

54.    Additionally, and in the alternative, Crothall acted with reckless disregard for Mr. Coe and his federally protected rights.

55.    The effect of Crothall's above-stated actions has been to deprive Mr. Coe of employment opportunities, income in the form of wages, prospective employment benefits, including social security and other benefits to which he would have been entitled but for Crothall's illegal actions.

56.     The effect of Crothall's above-stated actions has also caused Mr. Coe to suffer out-of-pocket losses and mental and emotional distress for which he seeks redress.

## COUNT I
## Violation of ADA – Regarded As Disabled

57.     Mr. Coe incorporates by reference all the preceding paragraphs of the Complaint.

58.     At all times relevant hereto, Crothall has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

59.     At all times relevant hereto, Mr. Coe was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(1)(C) because Crothall regarded him as a person with an impairment as defined by the Act.

60.     Moreover, at all times relevant hereto, Mr. Coe has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of the job.

61.     Crothall reprimanded Mr. Coe and forced Mr. Coe to resign, thereby constructively discharging him, because it regarded him as disabled.

62.    Crothall's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

63.    As a direct and proximate result of Crothall's intentional discrimination, Mr. Coe has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

64.    Crothall's actions have caused and continue to cause Mr. Coe to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT II
## Actual Discrimination and Failure to Accommodate in Violation of ADA

65.    Mr. Coe incorporates by reference all the preceding paragraphs of the Complaint.

66.    At all times relevant hereto, Crothall has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

67.    At all times relevant hereto, Mr. Coe was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

-12-

68.     Crothall was aware of Mr. Coe's disabilities and history and record of disability.

69.     At all times relevant hereto, Mr. Coe has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of his job.

70.     Mr. Coe's disabilities substantially limited one or more major life activities.

71.     Mr. Coe requested reasonable accommodations from Crothall relating to his disabilities including but not limited to adjusted work schedules and intermittent time off from work.

72.     Crothall failed to engage in any interactive process with Mr. Coe and refused to grant Mr. Coe any accommodation for his disabilities.

73.     Crothall reprimanded Mr. Coe and forced Mr. Coe to resign, thereby constructively discharging him because of his disabilities and need for reasonable accommodations.

74.     Crothall's actions amount to a violation of Section 102 of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

75.     As a direct and proximate result of Crothall's intentional discrimination, Mr. Coe has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

76.     Crothall's actions have caused, continue to cause, and will cause the Mr. Coe to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT IIfI
## Retaliation in Violation of the ADA

77.     Mr. Coe incorporates by reference all the preceding paragraphs of the Complaint.

78.     At all times relevant hereto, Crothall has been subject to the requirements of Title I of the ADA.

79.     At all times relevant hereto, Ms. Coe was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

80.     Mr. Coe engaged in protected activity under the ADA when he requested adjusted schedules and intermittent time off from work as reasonable accommodations for his ADA-covered disabilities.

81.     Crothall refused to grant Mr. Coe's requests for accommodations and constructively discharged his employment in retaliation for his requests for accommodations in violation of the ADA.

82.     Crothall's actions in retaliating against Mr. Coe following his requests for reasonable accommodation were committed with reckless disregard for his right to be free from retaliatory treatment in violation of the ADA.

83.     The effect of Crothall's above-mentioned conduct has been to deprive Mr. Coe of equal employment opportunities and benefits due to his willingness engage in protected activity.

84.     The actions taken against Mr. Coe by Crothall has caused him to suffer both monetary and non-monetary damages.

85.     Accordingly, Mr. Coe is entitled to the equitable and monetary relief set forth in the following prayer for relief for Crothall's violation of his rights under the ADA.

## COUNT IV
## Interference with FMLA Leave

86.     Mr. Coe incorporates by reference all of the preceding paragraphs of the Complaint.

87.     Mr. Coe was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

88.     Crothall interfered with Mr. Coe's rights to FMLA-protected medical leave by failing to provide him notice of such rights as required by the FMLA.

89.     Crothall interfered with Mr. Coe's rights to FMLA-protected medical leave by reprimanding him for taking time off to treat his serious medical condition.

90.     By constructively discharging Mr. Coe, Crothall prevented Mr. Coe from exercising the rights to protected medical leave under the FMLA.

91.     Crothall actions in interfering with Mr. Coe's federal right to FMLA leave were committed with reckless disregard for his right to take up to 12 work weeks of leave on an intermittent basis to care for his serious health condition and in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

92.     In the alternative, Mr. Coe's need for FMLA leave was a motivating factor in Crothall's decision to constructive discharge Mr. Coe.

93.     The effect of Crothall actions has been to deprive Mr. Coe of a job, as well as income in the form of wages, health insurance, prospective retirement

benefits, social security, and other benefits due her solely because of his right to leave under the FMLA.

94.     As a result, Mr. Coe is entitled to both equitable and monetary relief for Crothall violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorney's fees and costs of litigation.

95.     Mr. Coe is also entitled to liquidated damages for APS's willful violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT V
## Retaliation in Violation of the FMLA

96.     Mr. Coe incorporates by reference all of the preceding paragraphs of the Complaint.

97.     Mr. Coe was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

98.     In forcing Mr. Coe to resign, thereby constructively discharging his employment, Crothall retaliated against Mr. Coe for attempting to exercise his right to take leave as provided under the FMLA.

99.    Crothall actions in retaliating against Mr. Coe for attempting to exercise his rights under the FMLA were committed with reckless disregard for his right to be free from discriminatory treatment on account of his exercise of his rights under the FMLA, specifically 29 U.S.C. § 2615(a)(2).

100.    In the alternative, Mr. Coe's request for FMLA leave was a motivating factor in Crothall constructive discharge of Mr. Coe.

101.    The effect of Crothall actions has been to deprive Mr. Coe of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due him solely because of his exercise of his rights under the FMLA.

102.    As a result, Mr. Coe is entitled to both equitable and monetary relief for Crothall violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

103.    Mr. Coe is also entitled to liquidated damages for Crothall willful violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

(a)     Issue a declaratory judgment that Crothall's acts, policies, practices, and procedures complained of herein violated Mr. Coe's rights as secured under the ADA and FMLA;

(b)     Grant Mr. Coe a permanent injunction enjoining Crothall, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against Mr. Coe and others similarly situated because of the exercise of their rights under the ADA, the FMLA, or because of his participation in this lawsuit;

(c)     Grant to Mr. Coe judgment in his favor and against Crothall under all counts of this Complaint;

(d)     Order Crothall to make Mr. Coe whole by providing for his out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Crothall's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(e)     Order that Mr. Coe be reinstated or, in the alternative, be awarded front pay;

(f)     Order Crothall to compensate Mr. Coe for mental and emotional damages suffered as a result of Crothall's unlawful and discriminatory acts;

(g)     Grant to Mr. Coe liquidated damages for Crothall's willful violations of the FMLA;

(h)     Grant to Mr. Coe punitive damages for Crothall's willful and intentional violations of the ADA as provided by 42 U.S.C. § 12117(a)(as amended);

(i)     Grant to Mr. Coe a jury trial on all issues so triable;

(j)     Grant to Mr. Coe his reasonable attorneys' fee and reasonable expert witness fees together with any and all other costs associated with this action as provided by 42 U.S.C. § 12117 (a)(as amended) and the FMLA; and

(k)     Grant such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted this 14th day of April, 2020.

**LEGARE, ATTWOOD & WOLFE, LLC**

*/s/ Amelia A. Ragan*
Amelia A. Ragan
Georgia Bar No. 831387
aaragan@law-llc.com

-20-

125 Clairemont Ave, Suite 380
Decatur, GA 30030
Tel: (470) 823-4000
Fax: (470) 201-1212
Counsel for Plaintiff

\* Motion for Admission *Pro Hac Vice* filed contemporaneously herewith in accordance with the Local Rules of this Court.